# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| TERESA GLENN | * | CIVIL ACTION NO. 18-0041 |
| VERSUS | * | MAG. JUDGE KAREN L. HAYES |
| FAMILY DOLLAR STORES OF LOUISIANA, INC. | | |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment filed by Defendant Family Dollar Stores of Louisiana, Inc. ("Family Dollar"). [doc. # 14]. The motion is opposed. [doc. # 16]. For reasons set forth below, the motion is GRANTED.

## Facts and Procedural History

On July 11, 2016, Plaintiff Teresa Glenn accompanied her friend into a Family Dollar store in West Monroe, Louisiana, to purchase a gallon of milk. As they were walking down an aisle, Glenn's right knee bumped into a red sales rack, causing her to lose her balance and fall to the ground. Glenn did not slip on any substance on the floor, and there was nothing obstructing Glenn's view of the rack.[1]

On July 11, 2017, Glenn filed a Petition for Damages in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, against Family Dollar, to recover damages for the injuries she suffered as a result of her fall. (Petition, [doc. # 1-4]). Glenn claims her accident and

---

[1] The facts of this case are drawn from Glenn's opposition to Defendant's Motion for Summary Judgment, [doc. # 16 at 2], and her deposition testimony, ("Dep." at 98:16-111:17, [doc. # 14-4].

resulting injuries were caused by Family Dollar's negligence because the position of the rack created either a hazardous condition or an unreasonably unsafe condition that the defendant knew or should have known about. (*Id.* ¶¶ 5-6). On January 11, 2018, Family Dollar removed this case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (*See* Notice of Removal, [doc. # 1]).

On August 28, 2018, Family Dollar filed the instant motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, to dismiss Glenn's claim in its entirety. [doc. # 14]. The motion contends that Glenn cannot demonstrate that the sales rack over which she allegedly tripped created an unreasonable risk of harm, a necessary element in her negligence claim. (*Id.*). Glenn filed an opposition to the motion on September 17, 2018. [doc. # 16]. Family Dollar filed a reply on September 24, 2018. [doc. # 18].[2] The matter is now ripe.

**Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact-finder could render a verdict for the nonmoving party. *Id.*

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

---

[2] The parties also submitted Statements of Uncontested Facts in accordance with Rule 56.1. [*see* docs. # 14-2, 16-1].

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). Once the moving party demonstrates the absence of a genuine issue of material fact, the nonmoving party "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (citations and quotations omitted). This burden cannot be satisfied "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Id.*

When considering the evidence in a motion for summary judgment, the court construes "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The court will resolve factual disputes in favor of the nonmoving party, "but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *McCarty*, 864 F.3d at 358. The court will not assume without proof that the nonmoving party could prove the necessary facts. *Id.* In such a situation, there is no genuine issue as to a material fact and the moving party is "entitled to a judgment as a matter of law" because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

## Discussion

**I.     Applicable Law**

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law

3

and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).
The parties have analyzed their claims under Louisiana law, implicitly agreeing that Louisiana substantive law controls. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *see also Brown v. Wal-Mart Louisiana LLC*, No. CIV.A. 10-1402, 2012 WL 3109785, at *4-5 (W.D. La. July 27, 2012) (applying Louisiana substantive law to claims related to a slip and fall). To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 206.

Louisiana's merchant liability statute, La. R.S. 9:2800.6, sets forth the duty and burden of proof in a negligence case against a merchant. *Thompson v. Winn-Dixie Montgomery, Inc.*, 2015-0477 (La. 10/14/15), 181 So. 3d 656, 662. In this case, La. R.S. 9:2800.6 governs because Family Dollar meets the definition of a merchant under the statute,[3] and Glenn's negligence claim centers on her fall due to conditions existing on Family Dollar's premises. *Roberts v. Hartford Fire Ins. Co.*, 2005-1178 (La. App. 3 Cir. 4/5/06), 926 So. 2d 121, 123 ("Since La. R.S. 9:2800.6 deals specifically with 'a negligence claim brought against a merchant for damages as a result of an injury sustained because of a fall due to a condition existing in or on the defendant merchant's premises' it must be applied." (quotations and alterations omitted)). Under La. R.S. 9:2800.6,

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any

---

[3] Under La. R.S. 9:2800.6(C)(2), "merchant" is defined as "one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." As a store selling goods and other merchandise, Family Dollar satisfies this standard.

hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Thus, Family Dollar owed a duty to Glenn "to exercise reasonable care to keep its floors in a reasonably safe condition and to keep the store free of hazardous conditions." *Thompson*, 181 So. 3d at 662. To show her fall was caused by Family Dollar's breach of this duty, Glenn has the burden to prove (1) the sales rack presented an unreasonable risk of harm; (2) Family Dollar created or had notice of the condition; and (3) Family Dollar failed to exercise reasonable care. *See id.* Subsection B places "a heavy burden of proof for plaintiffs who [trip] and fall [on a] merchant's premises." *Williams-Ball v. Brookshire Grocery Co.*, 50,722 (La. App. 2 Cir. 6/29/16), 198 So. 3d 195, 199; *see White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1085 (noting that subsection (B) of the statute "clearly and unambiguously requires the claimant to prove each of its three subsections with no shifting of the burden"). The failure to prove any of the three required elements is fatal to the plaintiff's case. *Williams-Ball*, 198 So. 3d at 199.

There is no fixed rule for determining whether a condition presents an unreasonable risk

5

of harm. *Guerrero v. Brookshire Grocery Co.*, 49,707 (La. App. 2 Cir. 4/29/15), 165 So. 3d 1092, 1097. Instead, "the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others." *Id.* at 1098. This balancing test considers four factors: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature." *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13), 113 So. 3d 175, 184. However, a defendant generally has no duty to protect against an open and obvious hazard. *Id.* Therefore, if the facts "show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff." *Primrose v. Wal-Mart Stores, Inc.*, 48,370 (La. App. 2 Cir. 10/2/13), 127 So. 3d 13, 17. Summary judgment is appropriate "when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." *Allen v. Lockwood*, 2014-1724 (La. 2/13/15), 156 So. 3d 650, 653 (citations omitted).

## II.     Claims

Family Dollar argues that the placement of the rack did not present an unreasonable risk of harm; rather, Glenn simply failed to notice an open and obvious condition, and Family Dollar is not the guarantor of the safety of its patrons who fail to exercise reasonable care. [doc. # 14-1 at 8]. In support of its motion, Family Dollar points to Glenn's deposition testimony whereby she agreed nothing was obstructing her view of the red rack, and if she had been looking straight ahead, she "would have seen or should have seen" it. (*Id.* at 2 (quoting Dep. at 107:11-15,

6

124:20-25)). Family Dollar claims this case is similar to other trip and fall claims involving display cases in which courts have granted summary judgment, finding the displays were open and obvious. (*Id.* at 7-8 (citing *Upton v. Rouse's Enter., LLC*, 15-484 (La. App. 5 Cir. 02/24/16), 186 So. 3d 1195; *Primrose*, 127 So. 3d 13)). Family Dollar argues that summary judgment is appropriate because Glenn cannot bear her burden of proving the rack presented an unreasonable risk of harm. (*Id.* at 8).

Glenn responds that the sales rack was not an "open and obvious" condition, and it presented an unreasonable risk of harm for a number of reasons. First, the rack is approximately three feet high, which is below eye level. Second, since the rack is on the right-hand side of the aisle, a person looking straight ahead or to the left of the aisle would not see the rack. Third, there was a stack of drinks behind the rack, which transformed the light weight object into an immovable obstacle. Fourth, the rack took up approximately one-third of the aisle making it impossible for two people to walk in the aisle side-by-side. [doc. # 16 at 3-4]. Further, Glenn argues that the mere fact a condition is "open and obvious" does not alone justify finding it did not present an unreasonable risk of harm. (*Id.* at 6-7). Glenn also argues that evidence that she should have seen the rack does not preclude defendant's liability, but goes to determining comparative negligence. (*Id.* at 7). Finally, Glenn claims that summary judgment should be denied because whether the rack's placement created an unreasonable risk of harm is an issue for the fact-finder. (*Id.* at 8). To support her claims, Glenn submits two recordings from Family Dollar's video feed, one showing Glenn entering and exiting the store with her friend, and a second showing an obstructed view of her fall. (*Id.* Ex. A). Glenn also submits a series of photographs purportedly depicting where the fall occurred. (*Id.* Ex. B).

7

In its reply, Family Dollar reiterates that Glenn has not established a genuine issue of material fact and objects to Glenn's submission of photographs on the grounds that they are unauthenticated and therefore inadmissible as evidence. [doc. # 18].

## III. Analysis

### A. Authentication

The court disagrees that Glenn's photographs are inadmissible, despite being unauthenticated. "At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form." *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017). However, courts can only consider evidence that is "*capable* of being presented in a form that would be admissible in evidence." *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)(2)). To be admissible at trial, evidence must be authenticated, meaning it must be able "to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Evidence can be authenticated in various ways, including with testimony from a witness that the "item is what it is claimed to be." *Id.* 901(b).

Here, Glenn was unable to authenticate the photographs; at her deposition she testified she did not know who took the photographs or when they were taken. (Dep. at 117:1-17, 118:12-119:9). However, the photographs could be authenticated at a later date and are therefore capable of being admitted in evidence. Since these photographs were submitted with Glenn's opposition brief, it is likely her counsel knows where these photographs came from, who took them, and when they were taken. Plaintiff has the ability to locate a witness to authenticate the photographs, and therefore, the photographs are admissible at this stage.

B. Unreasonable Risk of Harm

The photographs submitted by Glenn depict a bright red sales rack at the entrance to an aisle of the store. The rack is placed at a slight angle and not flat against the aisle.[4] While the shelves of the rack are below eye level, the entire rack is clearly over three feet in height—the photographs capture Glenn and her friend standing next to or near the rack, with the rack reaching at least eye level. (*See* Ex. B). Further, Glenn testified that there was nothing obstructing her view of the rack, and if she had been looking straight ahead when she walked into the store, she would have seen the rack. (Dep. at 107:11-15; 124:20-25).[5] Based on the sale rack's large size, bright color, and the fact that nothing was obstructing Glenn's view, it is clear that the rack was an open and obvious condition. The stack of drinks located behind the rack do not alter this conclusion.

Trip and fall cases in which courts have denied summary judgment generally involve customers tripping on objects located on the floor or low to the ground. *See, e.g.*, *Jones v. Arch Ins. Co.*, No. CIV.A. 12-2029, 2013 WL 5441354, at *4 (W.D. La. Sept. 27, 2013) (finding that a low shelf, six-inches off the floor, may not have been open and obvious); *Nunez v. Dolgencorp*, LLC, No. 2:12-CV-630-PM-KK, 2013 WL 2458736, at *9-10 (W.D. La. June 6, 2013) (genuine dispute of material fact existed as to whether clothing rack base that jutted out into an aisle was open and obvious); *Guerrero*, 165 So. 3d at 1098 (reversing trial court's grant of summary

---

[4] The photograph submitted by Family Dollar in its motion, depicting Glenn on the floor of the store following her fall, confirms the location and color of the rack. [doc. # 14-1 at 3]; (Dep. at 105:21-106:21).

[5] At first Glenn testified that she was looking straight ahead as she walked down the aisle, but then stated she did not remember if she was looking to the side. (Dep. at 105:8-15, 107:23-108:3).

judgment, finding that a 10-inch high box left in an aisle was not open and obvious and presented an unreasonable risk of harm). Courts have reasoned that because a customer's attention is usually directed at the merchandise, and not the floor, items on the floor that may cause the customer to trip and fall are hazards. *Broussard v. Family Dollar Store*, 2005-645 (La. App. 3 Cir. 12/30/05), 918 So. 2d 1148, 1150-51 (holding that a hand-held shopping basket left on the floor of a store, which a customer tripped over, was a hazard).

However, this case does not involve a customer failing to notice an object on the floor because her gaze is directed at merchandise. Glenn did not trip over an item located on the floor of the store; instead, her knee, not her foot, bumped into the sales rack, which was over three feet in height. Courts have granted summary judgment in analogous situations, finding no unreasonable risk of harm, when customers trip over plainly visible objects. For example, in *Primrose*, a customer tripped over the corner of a produce display. In affirming the trial court's grant of summary judgment, the Second Circuit Court of Appeal noted that the display's large size and exposed corners created an open and obvious condition. 127 So. 3d at 17. Similarly, in *Bice v. Home Depot U.S.A., Inc.*, plaintiff walked backwards into a three-foot tall bollard located inside the defendant's store. Upon review of the evidence, the trial court granted summary judgment in favor of defendants, finding that the bollard, despite its black color, "was in a well-lit area that was easily observable and obvious to all customers." 2016-0447 (La. App. 1 Cir. 12/22/16), 210 So. 3d 315, 320.

Upon review of the deposition testimony and exhibits submitted in connection with this motion for summary judgment, the undersigned finds that Family Dollar has shown the absence of factual support for Glenn's claim that the rack created an unreasonable risk of harm. The

evidence demonstrates that the rack was an open and obvious condition, and Glenn would not have tripped but for her own inattentiveness. Accordingly, Family Dollar owed no legal duty to Glenn, and summary judgment is appropriate.

## Conclusion

For the foregoing reasons, the undersigned finds that there is no genuine issue as to any material fact and that defendant, Family Dollar, is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment [doc. # 14] is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

In Chambers, at Monroe, Louisiana, this 22nd day of October, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE